IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES A. BARCH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS; JOHN DOES 1-20; JANE DOES 1-20; DOE GOVERNMENTE AGENCIES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; JOHN DOES 1-20; JANE DOES 1-20,<br><br>Defendants. | CIVIL NO. 04-00712 SOM-BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

Plaintiff has brought this action in federal court essentially claiming that Defendant State of Hawaii Department of Labor & Industrial Relations wrongfully denied him unemployment benefits for which he had applied and discriminated against him and/or retaliated against him for making unspecified complaints under the ADA.

Plaintiff's Complaint is barred in this court for several reasons:

- *Res judicata,* After Plaintiff was denied unemployment benefits, Plaintiff's complaints were fully heard and decided by an appeals officer of the

185726_1.DOC

Defendant Department which upheld the ruling of the Unemployment Insurance Division. Plaintiff then appealed that decision to the Circuit Court. On October 29, 2003, the Circuit Court entered a final Judgment on Plaintiff's appeal denying him relief. Notably, Plaintiff did not further appeal that denial. Subsequently, instead of appealing the Circuit Court Judgment, Plaintiff filed a complaint with the Civil Rights Center, U.S. Department of Labor, which thoroughly investigated all of Plaintiff's complaints regarding this matter and issued its "Final Agency Action" on August 11, 2005, finding, essentially no basis to support complaints of discrimination or retaliation by the Defendants herein.[1] No direct or other appeal was taken from the agency's final action other than the filing of this lawsuit which does not constitute exhaustion of remedies. This matter having been fully disposed of by final, unappealed, action stands as *res judicata* barring this litigation.

- Statute of Limitations, The events forming the basis of Plaintiff's claims against defendants herein appear to have occurred during the year 2001 and before. This lawsuit was initiated more than two years later on December 6,

---

[1] A copy of the Agency's final action letter and transmittal to the Hawaii Department of Labor and Industrial Relations of August 16, 2005 is attached hereto as Exhibit "A". The authenticity of this document is not herein attested to as at this point we have no one available to make that attestation; however, Defendants do not believe that the authenticity is in dispute.

2004. Accordingly the claims in this lawsuit are barred by the applicable statute of limitations.

The basis of Plaintiff's claim is far from clear. Taking pro se notice pleading to its limits, one could surmise that this is either a civil rights or an ADA claim. In addition to failing to plead exhaustion of administrative remedies with the EEOC, Plaintiff's claims are otherwise time barred. Federal statutes contain no specific limitation period for civil rights claims brought under § 1983. Wilson v. Garcia, 471 U.S. 261, 266, 105 S.Ct. 1938, 1941, 85 L.Ed.2d 254 (1985). If no limitation period exists for a federal cause of action, a local time limitation will apply unless it conflicts with federal law or policy; federal interests must predominate. Id. at 266-67, 105 S.Ct. at 1941-42; see also Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630 (10th Cir.1993). In 42 U.S.C. § 1988, Congress implicitly endorsed this approach for civil rights claims. Wilson, 471 U.S. at 266-67, 105 S.Ct. at 1941-42.

Before Wilson, § 1988 required courts to select the "most analogous" or "most appropriate" state statute of limitations as the governing statute. Blake v. Dickason, 997 F.2d 749, 750 (10th Cir.1993). In Wilson, "the Supreme Court abandoned that uncertain

and confusing practice in favor of a simple, bright-line rule." Id. In deciding that § 1983 claims "are best characterized as personal injury actions," the Wilson Court held that the general personal injury statute of limitations of the forum state should be applied to all § 1983 claims. 471 U.S. at 280, 105 S.Ct. at 1949; Blake, 997 F.2d at 750. "The characterization of all § 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interests vindicated by § 1983." Wilson, 471 U.S. at 279, 105 S.Ct. at 1949. Madden-Tyler v. Maricopa County, 189 Ariz. 462, 943 P.2d 822 (1997). Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)

A similar analysis applies to cases brought under Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act. See the discussion in Madden-Tyler v. Maricopa County, Supra.

The "analogous" and governing statue of limitations in Hawaii is HRS § 657-11 which provides:

**Recoveries authorized by federal statute.** Whenever any federal statute provides for damages or equitable relief and neither the federal statute nor any specific state statute specifies the period within which suit may be brought, the suit, if brought in a state court, shall be commenced within two years from the date the cause of action arises or be thereafter barred.

All of Plaintiff's claims arose more than two years prior to the filing of

the instant action.

- Eleventh Amendment, The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 267-68 (1997). The Eleventh Amendment also bars damage actions against state officials in their official capacities. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). The Eleventh Amendment bars suit against state agencies as well as suits naming the state itself. See Puerto Rico Agueduct & Sewer Autho. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that the Board of Corrections is an agency entitled to absolute immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that the Nevada Department of Prisons is a state agency entitled to Eleventh Amendment immunity).

Defendants, as State of Hawaii agencies or employees, are immune from suit for damages in their official capacities.

Finally, to the extent this case may be considered a civil rights claim under the Civil Rights Act of 1871, the U.S. Supreme Court has held that the State, its agencies and employees in their official capacity are not "persons" within the

meaning of that Act and therefore are not subject to suit in state or federal court. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2034, 105 L.Ed 2d 45 (1989)

For all of the foregoing reasons, Defendants move this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

DATED: Honolulu, Hawaii, April _12_, 2006.

> STATE OF HAWAII
>
> MARK J. BENNETT
> Attorney General
> State of Hawaii
>
> _____
> CARON M. INAGAKI
> Deputy Attorney General
>
> _____
> JOHN M. CREGOR, JR.
> Deputy Attorney General
> Attorneys for Defendant
> STATE OF HAWAII
> DEPARTMENT OF LABOR &
> INDUSTRIAL RELATIONS