**U.S. Department of Labor**    Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



AUG 1 6 2005

<u>CERTIFIED LETTER 7002 3150 0006 7416 9976</u>

Mr. Nelson Befitel
Director
Hawaii Department of Labor
and Industrial Relations
830 Punchbowl Street
Room 321
Honolulu, HI 96813

CRC Complaint No. 02-HI-002

Dear Mr. Befitel:

This is to notify you that the U.S. Department of Labor's Civil Rights Center (CRC) has issued a Final Agency Action in the above referenced discrimination complaint filed by Mr. James A. Barch against the State of Hawaii Department of Labor and Industrial Relations.   A copy of the said action is enclosed for your information.

Sincerely,

ANNABELLE T. LOCKHART
Director
Civil Rights Center

Enclosure

cc: Gary Noda, EO Officer

EXHIBIT "A"

**U.S. Department of Labor**       Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



FINAL AGENCY ACTION

| | |
|---|---|
| Mr. James Barch | ) |
| (Charging Party) | ) |
| vs. | ) |
| Hawaii Department of Labor | ) |
| and Industrial Relations | )    CRC Complaint No. 02-HI-002 |
| (Respondent) | ) |

The U.S. Department of Labor's Civil Rights Center (CRC) has completed its
investigation of the complaint filed by Mr. James Barch (CP) against the Hawaii
Department of Labor and Industrial Relations (HDOLIR) (Respondent).   The
complaint was investigated pursuant to CRC's authority under Section 188 of the
Workforce Investment Act (WIA) of 1998, 29 CFR Part 37 and Section 504 of the
Rehabilitation Act of 1973.

The Hawaii Department of Labor and Industrial Relations was a recipient of
Federal financial assistance from the U. S. Department of Labor's Employment
and Training Administration under the Workforce Investment Act during the
time that the alleged discrimination occurred.

The Complainant (CP), Mr. James Barch, alleged that the Hawaii Department of
Labor and Industrial Relations discriminated against him when he was denied
reasonable accommodation in its Unemployment Insurance (UI) benefit program
appeal process hearing on the basis of his disability (generalized anxiety
disorder) and retaliated against him for filing a complaint.

Based on the information gathered, and our review of an extensive amount of
information submitted by the CP, I find that the evidence is insufficient to
support a finding that the Respondent (HDOLIR) discriminated against the CP
or retaliated against him on the basis of disability when it denied him
unemployment benefit.  I find that the Respondent was a recipient of Federal
financial assistance from the U.S.  Department of Labor at the time the alleged
discrimination occurred; that the CP was an individual with a disability; and the
Respondent was aware of the CP's disability.

1

## Facts

The CP, a male, was employed by the Hawaii Behavior Health as a Therapist from November 4, 1998 to October 16, 1999. The evidence indicates that on October 16, 1999, the CP voluntarily quit his job with the Hawaii Behavior Health for personal reasons.

On October 16, 1999, the CP filed an initial claim for Unemployment Insurance (UI) benefits. On his application for unemployment benefits, the CP claimed that he was forced to quit his job because he was subjected to abusive, demeaning, hostile, and disrespectful treatment from his employer. The CP further stated that he quit the job because his physical and mental health was deteriorating, but that he was not disabled.

The evidence shows that on January 27, 2000, the Respondent notified the CP's employer of the CP's UI benefits claim. The CP's employer, on February 1, 2000, disputed the CP's claim that he was forced to quit his job because of abusive, demeaning, hostile, and disrespectful treatment from the employer. The employer stated that the CP voluntarily quit his job with the company because he was performing his job poorly. He was counseled on multiple occasions, placed on probation for three months and, at the end of the three months, the probationary period was extended for another three months because the CP's work performance continued to be poor. In addition, the employer demoted the CP from being a salaried employee to an hourly paid employee.

The evidence shows that on February 3, 2000, the Respondent disqualified the CP from receiving UI benefits because the initial facts show that he left work with the employer voluntarily for personal reasons without good cause. The Hawaii UI Compensation Law provides that an individual is disqualified from receiving UI benefits if he/she left work without good cause.

On February 10, 2000, the CP filed an appeal with the Respondent to reconsider his denial for UI benefits. The evidence shows that on March 3, 2000, in accordance with the Hawaii DOLIR regulations, the CP registered for work as a substitute teacher with the Hawaii Workforce Development Division.

The evidence shows that on March 4, 2000, the CP visited his psychologist for emotional stress. The physician recommended that because of the CP's stress, he should not actively look for employment for at least six months. On March 13, 2000, the Respondent requested that the CP report for work at an upper elementary school to teach grades 4-6. The evidence shows that the CP had a panic attack and refused to report for work at the school.

The evidence shows that on March 6, 2000, the Respondent scheduled an appeal hearing for the CP. The CP requested that his appeal hearing be postponed because of his inability to attend the hearing. The Respondent rescheduled the appeal hearing for April 5, 2000, May 15, 2000, June 7, 2000 and December 14, 2000. The evidence indicates that shortly after each notice of appeal hearing was mailed to the CP, the CP would request that the date be postponed.

On March 15, 2000, the CP's Clinical Psychologist, Dr. Stanley Luke, requested that the Respondent grant the CP a Medical waiver for stress (Anxiety Disorder NOS and Major Depression) predated to October 16, 1999, and extending to September 1, 2000. The Respondent granted the CP the medical waiver until June 2000. The medical waiver allowed the CP not to have to look for work activity during this period. The evidence shows that on September 14, 2000, because of the CP's failure to accept suitable work with the Department of Education, the Respondent placed the CP on its inactive list with the Hawaii Workforce Development Division until December 2000.

On December 14, 2000, the Respondent scheduled a hearing by the Appeals Officer on the CP's request for another continuance. After reviewing all of the CP's medical evidence, the Appeals Officer initially denied the CP's request for another continuance. The Appeals Officer determined that the CP failed to provide sufficient evidence to support his request for another prolonged continuance, namely, an open-ended continuance. The evidence shows that the Appeals Officer at the December 14th hearing scheduled several pre-hearing conferences for January 26, February 22 and 23, 2001, and requested that the CP submit his subpoena requests and witness lists within specific timeframes.

On December 28, 2000, the CP requested another continuance to submit his subpoena requests and witness lists. The Appeals Officer, in order to accommodate the CP, granted the CP an extension from January 5, 2001 to January 19, 2001. The Appeals Officer also requested that a specific timeframe of February 2, 2001, be made for the submission of witness lists, subpoena requests, and exhibits lists, so that both parties could adequately prepare for the hearing.

The evidence shows that on January 22, 2001, the CP again requested another continuance to February 9, 2001, because he claimed that he would be unable to meet the specific timeframe of February 2, 2001, with regard to the submission of the exhibit lists. The Appeals Officer granted the CP the extension. The evidence shows that at the February 22, 2001, pre-hearing conference, the Appeals Officer requested both the CP and the employer to reduce the number of witness subpoenas for the March 14, 2001, hearing. The Appeals Officer granted the CP and the employer a deadline of March 1, 2001 to submit the abbreviated list of exhibits, and witness subpoenas.

3

The evidence indicates that on February 27, 2001, the CP again requested an extension of the March 1, 2001, timeframe to submit all of his exhibits because he claimed the exhibits were not ready. The Respondent denied the CP's request on the basis that the CP had months to prepare his case and it was time to proceed with the hearing which was scheduled to begin on March 14, 2001. The CP also requested that the Appeals Officer be removed from the hearing. This request was denied.

The evidence shows that due to numerous delays occasioned by the CP, on March 14, 2001, through May 2, 2001, the Respondent held the Appeals Hearing and affirmed the decision of the Unemployment Insurance Division. On July 25, 2001, the Respondent issued a decision denying the CP's unemployment insurance benefits. The CP appealed that decision to the Circuit Court.

On October 21, 2003, the Circuit Court entered an Order denying the CP's appeal of the Employment Security Appeals Referees' decision of July 25, 2001, on the basis that the CP did not meet the statutory requirements for employment benefits. On October 29, 2003, the Court entered a final Judgment on the CP's appeal.

<u>Discussion and Conclusion</u>

I find that the evidence is insufficient to support the CP's claim that he was discriminated against on the basis of disability (generalized anxiety disorder). The evidence shows that the CP quit his employment because he was unable to perform his job functions. The Respondent's denial of the CP's unemployment benefits claim was consistent with the State laws and regulations.

The CRC has jurisdiction over the Hawaii Department of Labor and Industrial Relations under Section 188 of the Workforce Investment Act of 1998. The CRC has authority to investigate and resolve claims of discrimination filed against the Hawaii Department of Labor and Industrial Relations. However, in order to support a discrimination claim, the CP must provide information that creates an inference that discrimination has indeed occurred. A mere allegation of discrimination standing alone is insufficient to support a discrimination claim.

The evidence that the CP submitted in support of his case is voluminous and based on my review and analysis of the evidence, I have concluded that there is insufficient evidence to support a determination that the Hawaii Department of Labor and Industrial Relations denied the CP unemployment insurance benefits based on his disability. I find that in recognition of the CP's disability, the

4

Respondent provided the CP with numerous continuances/delays as accommodation for his disability so that he could provide the evidence to support his case.  At no time did the CP suggest that the accommodations provided were insufficient to meet his needs.  Understandably, the CP disagrees with the decision to deny him unemployment benefits.  However, the facts do not support his claim that the denial was rooted in discriminatory animus or demonstrate that he was denied reasonable accommodation to participate in the UI process.  The evidence supports that the CP properly exhausted his administrative remedies all the way to the Circuit Courts and nonetheless he was unable to show that he was entitled to unemployment benefits.

With regards to the charge of retaliation, the evidence does not support the CP's claim that the Respondent retaliated against him for appealing the denial of UI benefits.  Without more, an appeal of a denial of unemployment benefits does not constitute an opposition to any illegal employment or training practice or participation in any EEO process respecting the administration of the WIA sufficient to trigger the protection of Section 188 of WIA.  And arguably even assuming that an appeal of a denial of benefits was a protected activity, the CP's claim still would not stand.  The evidence shows that the CP denial of benefits was justifiable sustained at every level of the review process because of the CP's failure to meet his burden to show that he was entitled to such benefits.

Based on the information above, I have determined that the evidence is insufficient to support the CP's allegation that the Respondent discriminated against him because of his disability or in retaliation.

This Final Agency Action is the final decision of the U. S. Department of Labor and concludes the Department's processing of this matter.


_ANNABELLE T. LOCKHART_                     8-11-05
ANNABELLE T. LOCKHART                       Date
Director
Civil Rights Center

5