James A. Barch
Plaintiff Pro Se
16101 Escobar Avenue
Los Gatos, CA 95032
(408) 978-5727

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 1 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES A. BARCH, ) | CIVIL NO. 04-00712 SOM-BMK |
| Plaintiff, ) | (Other Civil Action) |
| ) | |
| vs. ) | PLAINTIFF'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION TO |
| STATE OF HAWAII DEPARTMENT OF LABOR ) | DISMISS COMPLAINT; |
| & INDUSTRIAL RELATIONS; JOHN DOES 1-20 ) | DECLARATION OF JAMES A. |
| JANE DOES 1-20; DOE GOVERNMENT ) | BARCH; EXHIBITS A-E; |
| AGENCIES 1-20; DOE CORPORATIONS 1-20; ) | CERTIFICATE OF SERVICE |
| DOE PARTNERSHIPS 1-20; JOHN DOES 1-20; ) | |
| JANE DOES 1-20; ) | |
| Defendants. ) | |

Hearing:

Date:   July 3, 2006
Time:   9:00 A.M.(Hawaii Time)
Judge:  Hon. Susan Oki Mollway

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COMPLAINT; DECLARATION OF JAMES A. BARCH IN SUPPORT THEREOF**

1

## I. INTRODUCTION

Plaintiff Pro Se James A. Barch (hereinafter "Plaintiff") hereby submits this Opposition to the Motion to Dismiss filed by Defendant State of Hawaii (hereinafter "Defendant") in the above-referenced matter. Defendant's Motion should be dismissed as Defendant has failed to state an adequate statutory, administrative, constitutional, or case law basis on which to sustain its Motion to Dismiss. Moreover, in support of its Motion, Defendant cites inapplicable and erroneous legal authority which does not satisfy the requirements to sustain a Motion to Dismiss.

This Court should dismiss Defendant's Motion with prejudice and allow Plaintiff's Complaint to stand and proceed. Alternatively, if this Court should for some reason decide to sustain Defendant's Motion, in all or in part, then the Court should dismiss Plaintiff's Complaint without prejudice and with leave to amend the Complaint.

## II. LEGAL ARGUMENT

### A. The Present Federal Action Is Not Barred by *Res Judicata* because the Claims and Issues Involved Have Not Been Adjudicated by a Prior Judicial Proceeding or Trier of Fact

Defendant argues that the present federal action is barred by *res judicata* because the issues at the center of Plaintiff's Complaint have been previously adjudicated and a final determination made as to their merits by a prior trier of fact. This is factually erroneous—so much so that one wonders if Defendant has adequately reviewed the history of this case.

Briefly, this federal action arises out of the physical and psychological disability of Plaintiff caused by the actions of his former employer, Hawaii Behavioral Health, and compounded by the subsequent and systematic denial of Plaintiff's legal and civil rights by the State of Hawaii's Department of Labor & Industrial Relations (hereinafter "DLIR") under both state and federal law, during subsequent administrative and judicial appeal efforts, including, but not exclusively, rights granted under Hawaii state law, federal law, and the Americans with Disabilities Act (hereinafter "ADA"). Since the occurrence of the events that underlie Plaintiff's various claims, Plaintiff has pursued three main avenues of redress: 1) a state court appeal against the Defendant for its unwarranted denial of unemployment benefits; 2) a civil rights complaint filed with the Civil Rights Center of the U.S. Department of Labor (hereinafter "CRC" and "DOL," respectively); and 3) the present federal action alleging bodily and personal injuries

concomitant with denial by the Defendant of federal civil rights under s. 1983 and the ADA. These three avenues constitute distinct claims and are not duplicative. Moreover, none have resulted in a final adjudication by a judicial body required to sustain a defense of *res judicata*.

The essence of the present federal Complaint is that the Defendant knowingly, willfully, intentionally, and repeatedly violated Plaintiff's legal and civil rights from approximately December 14, 2000, through at least September 2003. These abuses include but are not limited to discrimination against Plaintiff in the form of violation of Plaintiff's due process and civil rights, violations of ADA protections granted to those with demonstrated and proven physical and mental disabilities, and knowing and repeated infliction of physical, mental, and emotional distress, with the resulting damages to Plaintiff of numerous and severe permanent disabilities and diseases. Plaintiff did not become aware of these new diagnoses except in an ongoing duration and with only a gradually increasing understanding, both of which fall within the applicable statute of limitations.

Defendant's defense of *res judicata* is in error, for several reasons. First, as to the issue of Plaintiff's State claim stemming from his having met the State of Hawaii's statutory requirement of "good cause" to terminate his own employment due to health reasons," and the Defendant's subsequent wrongful denial of state unemployment benefits, this action does not constitute support for a defense of *res judicata* because the claims in that state action are separate and distinct from the claims in the present federal action. Contrary to Defendant's Motion, the present federal action is not an attempt to re-try the issue of denial of unemployment benefits, but rather involves Defendant's much broader violation of Plaintiff's legal and civil rights as protected under federal law, and the resulting causation of severe and permanent health damages and life losses. This present federal action was never the focus of Plaintiff's state administrative appeal to DLIR for unemployment benefits or subsequent appeal hearing at the State of Hawaii's Circuit Court in September 2003. The purpose of the state court appeal was limited to whether or not Defendant's denial of Plaintiff's unemployment benefits was legal. (See Exhibit A.) The Circuit Court appeal involved unemployment benefits, not a denial of civil rights, and not the resulting personal injuries as filed in Plaintiff's federal Complaint. Since the issues in the state and federal court claims are separate and distinct, Defendant's *res judicata* defense must fail.

Second, Defendant's defense of *res judicata* is in error because it mistakenly asserts that Plaintiff filed a civil rights complaint with the CRC of the DOL <u>after</u> receiving the Circuit Court

3

judgment. Defendant also claims erroneously that Plaintiff's federal claim is barred, by his receiving a Final Agency Action by CRC. Both of these claims are factually and legally erroneous. Plaintiff filed his civil rights complaint with the CRC in January 2002, but did not receive the Circuit Court judgment until September 2003. Therefore, Defendant is factually wrong to claim that Plaintiff's civil rights complaint to CRC was "subsequent" to the Circuit Court judgment. Also, Plaintiff filed the present federal Complaint in December 2004, but did not receive the CRC's FAA until August 2005. Therefore, Defendant is factually wrong to claim that Plaintiff's lawsuit in federal court was filed "subsequent" to the CRC's FAA.

    The Circuit Court Appeal for unemployment benefits, the CRC civil rights complaint, and the present federal lawsuit over a broad variety of legal and civil rights violations, health damages, and life losses are each separate and distinct actions, alleging separate and distinct claims. Therefore, it was entirely proper for Plaintiff to file these separate actions. Moreover, as Plaintiff's State action did not involve the above stated claims currently involved in this federal action, it is entirely irrelevant whether Plaintiff appealed the State's Circuit Court judgment. Since Plaintiff filed his complaint with the CRC 21 months <u>prior to</u> the Circuit Court judgment, the Defendant's is factually and legally in error to characterize Plaintiff's complaint to the CRC as taking place "instead of appealing the Circuit Court judgment." Defendant's claim is factually erroneous by almost 2 years. Finally, Defendant is in error by suggesting that Plaintiff effectively "appealed" the CRC's FAA by filing the present federal action. Plaintiff filed the present action on December 6, 2004, yet Plaintiff did not receive the CRC's FAA until August 22, 2005. Plaintiff could not have appealed the FAA to federal court 9 months <u>prior to</u> receiving the FAA.

    Third, Defendant's defense of *res judicata* is unsupported by Defendant's citing Plaintiff's civil rights complaint to the CRC, and CRC's subsequent denial of Plaintiff's complaint in a "Final Agency Action." Although the CRC did investigate Plaintiff's complaint and issued an FAA dated August 11, 2005, the FAA is fundamentally flawed. (See Exhibit "D".) Furthermore, the FAA is currently under appeal by Plaintiff. (See Exhibits "B"& "C".) Therefore, the CRC's FAA is, in fact, not "final" at all.

    The CRC's Chief of External Enforcement, Mr. William Alexander, has informed Plaintiff, both by phone and in writing (See Exhibit C), that agency policy allows a complainant to request the CRC to re-open its investigation and reverse its FAA, and allows Plaintiff to submit additional evidence in support thereof. Mr. Alexander also informed Plaintiff in writing

that "It is understood that, given your condition, you are to submit this new information within a reasonable time." (Exhibit C.) As recently as March 2006, Mr. Alexander informed Plaintiff by phone that "there is no time-limit" for Plaintiff to submit additional information. Nonetheless, Plaintiff is submitting this additional information to the CRC on a timely basis, and to date had provided the CRC with approximately 10 reports listing CRC investigative failures and evidence still to obtain, a 19-page rebuttal to the FAA, and 8 additional pages of Exhibits. (See Exhibit D).

Fourth, Defendant is factually wrong in asserting that Plaintiff has not made a "direct or other appeal...from the agency's final action other than the filing of the lawsuit which *does not constitute exhaustion of remedies.*" As shown above, Plaintiff has appealed the FAA, and has communicated with the CRC steadily on several occasions after receiving the FAA in August 2005. Also, CRC effectively told Plaintiff by phone that "there are no other administrative 'remedies to exhaust' aside from the CRC appeal; Plaintiff's only remaining option is court."

Defendant is amazingly uninformed to claim that Plaintiff has not "exhausted" his "remedies." Plaintiff has only resorted to this federal lawsuit after 6½ years, in which he has exhausted every other alternative known to him: Plaintiff has "exhausted" "remedies" from 1) DLIR's UI division; 2) DLIR's ESARO appeal process; 3) four Hawaii Congresspersons and Senators 4) two State Representatives; 5) DLIR's expert on ADA and civil rights laws; 6) the State Attorney General's Office; 7) the State Governor; 8) the State Lieutenant Governor; 9) the State Ombudsman; 10) the State Office of Information Practices; 11) the Hawaii Civil Rights Commission; 12) DLIR's Director; 13) the State Circuit Court; and 14) the CRC – before resorting, at last, to U.S. Court. Plaintiff would not have pursued his case to so many government authorities, or for so many years, unless his case had merit – and now, because his health and life damages are so severe and far-reaching that they necessitate full compensation by the Defendant.

Fifth, Defendant's assertion that CRC's FAA constitutes a basis on which to support a defense of *res judicata* is fundamentally flawed and a gross misinterpretation of federal administrative law. There is nothing about an FAA that precludes Plaintiff from seeking judicial redress from a federal trial court. Having not had his federal claims adjudicated by a federal court, Plaintiff is not barred by *res judicata* from his current federal Complaint. As noted above, the matters of Plaintiff's federal claims have not been fully disposed of by either the State of Hawaii's Circuit Court (which dealt with unemployment benefits), or by the CRC (which

5

investigated only Plaintiff's discrimination claims but not his broader federal legal rights). In any event, the DOL's CRC is not a court, and so does not preclude the filing of a federal court action.

Importantly, this latter rule of law is supported by officials, in both the State of Hawaii's DLIR and the U.S. DOL, who have informed Plaintiff on several occasions that an FAA does not bar a plaintiff from seeking a judicial resolution of claims in federal court. Specifically, CRC has informed Plaintiff that: 1) he does not need a "right to sue" letter in order to file a civil rights complaint in federal court; 2) Plaintiff's right to sue the State exists regardless of which party "wins" a CRC FAA; 3) and that that "you are free to file a civil law suit at anytime…", as long as the applicable statue of limitations allows it. (See Exhibit E.)

In short, Plaintiff has a legal right to file the current civil rights and personal injury claim in federal court -- regardless of the prior complaint filed with the CRC and its Final Agency Action, which is not final but is currently under appeal.

**B.    The Present Federal Action Is Not Barred by the Statute of Limitations because the Complaint Was Filed within the Four Year Statute that the Supreme Court Has Held Applies to Civil Rights Claims.**

Defendant argues, erroneously, that Plaintiff's present action is time barred by applying a two-year personal injury state statute of limitations period to a federal civil rights claim. Defendant cites as judicial authority for this defense the Supreme Court's holding in Wilson v. Garcia, 471, U.S. 261 (1985), which held that where a federal civil rights statute is silent on the issue of an applicable statute of limitations, courts should look to the "most appropriate" state statute of limitations for guidance. In Wilson, the Court held that civil rights claims, at least under s. 1983, are best characterized as personal injury claims, and that thus a state's personal injury statute of limitations should be applied to s. 1983 actions.

Wilson is inapplicable here for several reasons. First, the present action is a much broader claim involving a variety of legal and civil rights violations, alleging *inter alia*, denial of due process, equal protection, s. 1981, s. 1983, s. 1001, and ADA violations by the State of Hawaii, its agencies, and employees.  Also, in Jones v. R.R. Donnelley & Sons Company, 541U.S. 369 (2004), the Supreme Court held that a federal four-year statute of limitations applies to civil rights actions brought under federal law, and specifically under s. 1981 claims.

6

Plaintiff filed the present complaint on December 6, 2004. The earliest possible date of Defendant's actions that comprise the basis of the complaint occurred on December 14, 2000. By this measure, Plaintiff's complaint clearly falls within the federal four-year statute of limitations period for a federal civil rights claim.

However, even assuming, *arguendo*, that Defendant is correct and that the applicable statute of limitations period for some or all of the present causes of action is two years rather than four, this truncated limitations period would only bar the present complaint for events that fall outside the statute, not those that fall within. As noted, the current complaint alleges Defendant's violations of federal laws and Plaintiff's civil rights that have been ongoing and continuous from December 14, 2000 to the present. Applying even the most restrictive interpretation of Wilson, the present complaint must survive—at a minimum—for those events falling within the two-year statute that constitute of denial of Plaintiff's legal and civil rights.

This court should adopt and apply the Jones ruling and sustain the present Complaint as to all causes of action alleging violation of Plaintiff's federal legal and civil rights. Alternatively, should the Court decide that Wilson applies, it should sustain Defendant's Motion only insofar as it relates to those events that fall outside the applicable statute, but dismiss that portion of the Motion that clearly applies to those events that fall within the statute of limitations period.

### C. The Present Federal Action Is Not Barred by the Eleventh Amendment because the Complaint Alleges Violations of Federal Civil Rights over which Federal Courts Have Jurisdiction for State Violations

Defendant next argues that the Eleventh Amendment to the U.S. Constitution "prohibits federal courts from hearing suits brought against an unconsenting state." This may be a law school maxim, but it does not reflect recent Supreme Court precedent.

Defendant relies on Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050 (9th Cir. 1991) in support of its above-referenced defense. But the Eleventh Amendment is not an absolute bar for private plaintiffs bringing suit against a state in federal court. In Ex Parte Young, 209 U.S. 123 (1908), the Court held that state agencies and their representatives who violate the constitutional rights of others are stripped of any official capacity and may be sued for the content of their conduct. Id. at 190. Moreover, the allegation of an ongoing violation of federal law is sufficient to invoke the Ex Parte Young doctrine. Idaho v. Coueur d'Alene Tribe of Idaho,

521 U.S. 261 (1997). Here, Plaintiff alleges ongoing state violation of federal laws and civil rights. Under Coueur d'Alene, Plaintiff's allegations are sufficient to sustain its Complaint as a federal cause of action.

Second, by filing its Motion to Dismiss without specifying that it was appearing solely for that limited purpose, Defendant has voluntarily appeared in federal court and has effectively waived any Eleventh Amendment immunity. Lapides v. Board of Regents of Univ. System of Georgia, 535 U.S. 613 (2002).

Third, the Supreme Court has carved out a clear exception to Eleventh Amendment immunity in applying Title II of the ADA to state action. Title II of the ADA provides that disabled persons shall not be excluded from participation or denied the benefits of the services, programs, or activities of a public entity. 42 U.S.C. s. 12132. In Tennessee v. Lane, 541 U.S. 509 (2004), the Court held that Title II of the ADA abrogated a state's Eleventh Amendment immunity from suit in federal court to cases involving access to a state's court system. The present action closely mirrors and is analogous to the reasoning and holding of the Tennessee Court. In Tennessee, the Court held that access to the court system was so fundamental that Congress, in enacting the ADA, had the right under the 14th Amendment to enforce such access, as Title II's requirements are congruent and proportional to the purpose of the statute. Id. at 531.

The case at bar is analogous to the reasoning adopted in Tennessee. The administrative bodies and procedures which the State of Hawaii has established to investigate and hear private claims are designed and act as alternatives to the right to file a court action for the same or similar claims. Such administrative bodies thus serve as a supplement to, rather than a substitute for, direct appeal to the state's court system. As such, an individual's right to access to the court system that the Court found in Tennessee must apply to the right to access an administrative system designed to supplement direct appeal to a court of law. In other words, the State of Hawaii cannot create an administrative system as a supplement to an individual's right to direct court appeal and then not extend the same rights to that system as guaranteed in the court system.

Tennessee holds that Title II of the ADA applies where a private plaintiff alleges state discriminatory conduct on the basis of disability in access to the courts. Here, Plaintiff is alleging state discriminatory conduct on the basis of disability in access to the State of Hawaii's administrative procedures established specifically as an alternative to court action. Defendant cannot have it both ways. If it wants to establish an administrative alternative to a plaintiff's right

to seek redress in court, it must grant the same legal and civil rights as a plaintiff would ordinarily enjoy in the court system. Anything less would be a fundamental denial of due process. This is the reasoning behind the Tennessee decision and should be adopted here.

In short, Defendant has failed to adequately prove that the State of Hawaii enjoys Eleventh Amendment immunity for Plaintiff's federal civil rights claim. For this reason, Defendant's Motion should be dismissed with prejudice.

### III.     CONCLUSION

For the above-stated reasons, this Court should dismiss Defendant's Motion to Dismiss with prejudice and allow Plaintiff's Complaint to stand and proceed. Alternatively, if this Court should for some reason decide to sustain Defendant's Motion in whole or in part, then the Court should dismiss Plaintiff's Complaint without prejudice and with leave to amend.

Dated: May 30, 2006                           *James A. Barch*

                                              Plaintiff Pro Se James A. Barch

9