## DECLARATION OF JAMES A. BARCH

I, James A. Barch, hereby declare as follows:

1. I am the Plaintiff Pro Se who filed the original Complaint, and who is now filing this Opposition to the Defendant's Motion to Dismiss Complaint.

2. I have been certified as totally disabled by the State of Hawaii Department of Human Services, twice, in 2000; by the U.S. Social Security Administration, twice, in 2000 and 2003; and as permanently totally disabled by the U.S. Department of Education in 2005.

3. All three of the above State and Federal agencies have certified that I became totally disabled on October 14, 1999, which was the last day I worked at my last job, at Hawaii Behavioral Health, L.L.C.

4. My total disability has also been acknowledged by the U.S. Department of Labor's Civil Rights Center, whose Director, Annabelle T. Lockhart, wrote in her Final Agency Action dated August 11, 2005 that the State of Hawaii Department of Labor and Industrial Relations (the Defendants) were also aware of my disability at the time of the alleged violations of my legal and civil rights (i.e., December 2000 through September 2003).

5. My total disability is documented by hundreds of pages of my medical records that are in the possession of the State of Hawaii Department of Labor's Employment Security Appeal Referees Office, and at the State of Hawaii First Circuit Court, and at the U.S. Department of Labor's Civil Rights Center.

6. My Opposition's allegations about the Defendants' violations of my legal and civil rights, and their legal responsibility for causing and worsening my total

disability, are supported by thousands of pages of evidence at the State of Hawaii Department of Labor's Employment Security Appeal Referees Office, and at the State of Hawaii First Circuit Court, and at the U.S. Department of Labor's Civil Rights Center, including my extensive evidence and explanations to the CRC.

7. More immediately at hand for this Honorable Court is Exhibit "D" of this Opposition, in whose 19 pages of rebuttal to the CRC's FAA and in the 8 pages of exhibits, are facts and evidence that will give this Court examples that support the allegations in my Opposition of the Defendants' violations of my legal rights and damages to my health.

8. My Opposition's allegations of the Defendants' damages to my health are also supported by hundreds of pages of my medical records that exist in my doctors' offices, but are not in the possession of the above state and federal agencies. This fact is due to the ongoing nature and development of my diseases and disabilities, some of which appeared after the dates of the above agencies' actions. For example, I now have two retinal diseases, resulting from my autoimmune diseases and from the medications I must take to control these diseases. In September 2005, I sent Judge Barry M. Kurren of this Honorable Court an August 2005 letter from August Reader, M.D., in which he diagnosed my two retinal diseases.

9. The date of Plaintiff's state court appeal for unemployment insurance benefits was September 22, 1999. Proof of this date and hearing is established by Plaintiff's Exhibit "A" (a transcript of the hearing), attached to this Opposition.

10. Plaintiff's Opposition claims that Plaintiff did not receive the CRC's FAA until August 22, 2005. Evidence for this date is Exhibit "A" attached to Defendant's Motion to Dismiss. The CRC's FAA is signed and dated "8-11-05"; it is stamped as being mailed on "AUG 16 2005"; and Plaintiff's personal notes document that Plaintiff received the CRC's FAA on August 22, 2005.

11. The fact that the CRC's Chief of External Enforcement, Mr. Willie Alexander, told Plaintiff by phone in March 2006 that "there is no time limit" for Plaintiff to complete all of his submissions of evidence to CRC to convince CRC to re-open its investigation and reverse its FAA can be substantiated by phone records, by corroboration from Mr. Alexander, and possibly by Plaintiff's faxes and letters to Mr. Alexander in 2006.

12. The ten reports to the CRC claimed in the Opposition can be obtained from CRC or Plaintiff, and the 19-page first rebuttal to CRC's FAA, referred to in the Opposition, is provided in Exhibit "D" attached to this Opposition.

13. The fact that Mr. Alexander also told Plaintiff by phone in March 2006 words to the effect that "there are no other administrative avenues of appeal; the only alternative is to go to court" can be substantiated by phone records, and by corroboration from Mr. Willie Alexander at the CRC.

14. Plaintiff's claim that he has "exhausted remedies" of 14 state and federal agencies and officials before filing this present federal action as a last resort can be proved by Plaintiff's extensive correspondence to and from these 14 government entities.

15. December 14, 2000 was the date of the first appeal hearing that DLIR's ESARO required me to participate in (for over 2 hours) in disregard of my doctor's written request to ESARO's Supervisor, Ms. Joyce Pang that she "please postpone his 12/14/00 hearing" because "the stress of a hearing is medically contra-indicated for him at this time." (This doctor letter is the last page of Exhibit "D," attached to this opposition.)

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    May 30, 2006                         *James A. Barch* (signature)

James A. Barch

12