PERMISSION TO COPY DENIED, HRS 606.13, etc.                              1

```
 1            IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
 2                         STATE OF HAWAII
 3    _____
                                    )
 4    JAMES A. BARCH,               )
                                    )
 5                 Plaintiff,       )
             vs.                    )    Civil No.
 6                                  )    01-1-2487-08
      LEONARD AGOR, Director of the )
 7    Department of Labor & Industrial )
      Relations and HAWAII BEHAVIORAL )
 8    HEALTH,                       )
                       Defendants.  )
 9    _____)

10
                    TRANSCRIPT OF PROCEEDINGS
11
      before the Honorable EDEN HIFO, Judge, 5th Division,
12    presiding, on Monday, September 22, 2003.

13    Oral Argument.

14
      APPEARANCES:
15
      JAMES A. BARCH, pro se            For the Plaintiff
16    (Appearing telephonically)

17
      SARAH WANG                        For Hawaii
18                                       Behaviorial Health

19    STACI TERUYA                      For the Director of the
      Deputy Attorney General           Department of Labor
20

21

22
      REPORTED BY
23

24    Harold S. Nakata, CSR 169
      Official Court Reporter
25    State of Hawaii


                        Court Reporters
                      First Circuit Court
                        State of Hawaii
```

PERMISSION TO COPY DENIED, HRS 606.13, etc.                    2

1    MONDAY, SEPTEMBER 22, 2003.

2                (Case called).

3                THE COURT:  By agreement of counsel and with

4    the court's permission Mr. Barch appears telephonically.

5                Please state your name for the record.

6                MR. BARCH:  (Telephonically) James Anson

7    Barch.

8                THE COURT:  Counsel who are present, would

9    you please make your appearances?

10               MS. WANG:  Sarah Wang here for appellee

11   employer Hawaii Behavioral Health.

12               MS. TERUYA:  Staci Teruya for the appellee

13   Director of Labor.

14               THE COURT:  Mr. Barch, you may have your

15   argument.

16               MR. BARCH:  Before we begin, Your Honor, may

17   I please count the minutes I have.

18               THE COURT:  This is an agency appeal and

19   typically we don't have a limit but, on the other hand,

20   you are supposed to emphasize the points that you would

21   like to make so that you perhaps can prevail on your heavy

22   burden as it exists under Section 91-14(g) of Hawaii

23   Revised Statutes.  So please make your point now.  Then

24   opposing counsel will have an opportunity to make opposing

25   remarks.  Then you may have a few minutes of rebuttal.

                        Court Reporters
                      First Circuit Court
                        State of Hawaii

PERMISSION TO COPY DENIED, HRS 606.13, etc.                    3

1          MR. BARCH:  Okay, thank you, Your Honor.  I
2    would like to begin by restating that I am requesting this
3    honorable court to reverse the decision by ESARO and
4    please grant me unemployment benefits.  I base this
5    request on two fundamental facts that are supported by
6    extensive evidence in the record on appeal in my motion
7    and briefs and in this oral argument.
8          First that I have met the eligibility
9    requirements in HAR 12-5-47 by proving that I was forced
10   to quit HBH with good cause or health reasons.
11         Second, that legal basis for this court to
12   reverse the decision under HRS 91-14(g) 1 to 6 has also
13   been met by ESARO's several serious and clear violations
14   of law.
15         First, I will discuss good cause.  There is
16   clear medical evidence that, my, HBH caused my job stress
17   injuries and forced me to quit for health reasons are as
18   follows:
19         Page four thousand four of the records is a
20   review of my Straub medical records by Dr. Stanley Luke
21   that finds fully 13 symptoms of sheer job stress that
22   arose during the HBH job.  Pages 3986 through 3989 and
23   pages 3993 through 3995, document that in the last month
24   of my job between August 4, 1999, and October 28, 1999, I
25   was at work on my job while sick with acute and chronic

1  laryngitis, pharyngitis and recurring head cold.  Thus
2  when I quit HBH on October 14, 1999, I was in the very
3  middle of an acute illness that took over one month to
4  heal.
5             Further, evidence of my quitting HBH for good
6  cause was the U.S. social security administration has
7  twice now certified me as being totally disabled from job
8  stresses starting on October 14, 1999, the very day I was
9  forced to quit HBH through the present and I was
10 recertified just in July of this year.
11            Also the State of Hawaii unemployment
12 insurance division on page 3979 and the State Department
13 of Human Services confirm my total disability from job
14 stress.  As have 6 independent doctors and two
15 psychotherapists.
16            Now, I will discuss violations of law.  As an
17 example at the ESARO hearings Mr. Thomas Rack arbitrarily
18 abused his discretion is the fact that without any medical
19 evidence and by his own admission without any medical
20 psychological education of his own, Mr. Rack in his
21 decision totally disregarded 3 hundred 50 pages of my
22 medical evidence and medical opinions of the U.S. Social
23 Security Administration, State Department of Human
24 Services, 6 independent doctors and two psychotherapists.
25 And even the State Department of Labor's own unemployment

<u>PERMISSION TO COPY DENIED, HRS 606.13, etc.</u>                     5

1  insurance division.
2           I believe this clearly meets the HRS 91-14(g)
3  2, 5 and 6, but it is also just part of a long pattern of
4  ESARO's violation of law.
5           Pages 2029 through 2030 in the record is Mr.
6  Rack's letter to me on December 28, 2000, for which he
7  told me, quote, either party is free to review the case
8  file at any time, unquote. And he cites HRS 92 and 92F as
9  a legal basis. And that's the very first time I tried to
10 exercise that right and he promised me on May 2, 2001,
11 just five days before my final ESARO hearings before Mr.
12 Rack. Mr. Rack inexplicably denied my request to review
13 my case file and my medical records and thereby denied my
14 right to prepare and present my full case. ESARO's aide
15 Ms. Katayama related Mr. Rack's message to me and thus was
16 a first hand witness. This is a clear violation of HRS
17 92 and 92F that Mr. Rack cites as well as HRS 383 - 95,
18 HAR 12-5-215, and HAR 12 - 5 - 93 E 20.
19          On Page 2715 of the record, it shows that on
20 May 23, just three weeks later I wrote to ESARO's
21 superviser Joyce Pang to complain about Mr. Rack's illegal
22 denial of my right to review my case record before my
23 final hearings. Amazingly on page 2718, Miss Pang replied
24 on June 5, 2001, and cites HRS 383-95 not as the law which
25 Mr. Rack had just violated one month before. But on false

PERMISSION TO COPY DENIED, HRS 606.13, etc.                                6

1    grounds for ESARO to also deny me access to my records
2    after the hearings.
3            Miss Pang never investigated my serious
4    charge of violation of May 2, 2001.  Never questioned Mr.
5    Rack or Ms. Katayama.  Never wrote to me with her
6    findings.  Thus, both Mr. Rack and Miss Pang clearly
7    violated HRS 383 - 95, HRS 92 and 92F of arbitrary and
8    capricious abuse of discretion.
9            On pages 2732 through 2914 of the record
10   especially on page 2806, Mr. Rack and Miss Pang not only
11   refused to investigate clear indications of perjury and
12   fraud and false accusations by HBH.  But also refused to
13   consider 140 pages of evidence and explanations after the
14   hearing and before the decision on July 25, 2001.  Thus,
15   Mr. Rack wilfully chose to base his decision on perjury,
16   fraud and false accusations by HBH.  This is I believe
17   clearly and arbitrarily an abuse of discretion.  For Mr.
18   Rack failed to uphold HAR 12-5-67 and the HRS equivalent
19   which prohibits and penalizes false statements to ESARO.
20   Especially outrageous example of Mr. Rack's violation of
21   law and of HBH perjury occurred on 1505 to 1594.
22           For example, pages 1525 through 26, Mr. Rack
23   denied HAR 12 - 5 - 67 prohibition against, quote, non
24   disclosure of facts, unquote, that I was trying to warn
25   HBH witness Aileen Abrazado from committing.  In her sworn

PERMISSION TO COPY DENIED, HRS 606.13, etc.                    7

1  testimony to tell the whole truth and nothing but the
2  truth, Miss Abrazado said I don't remember to countless
3  questions of material facts even though she did remember
4  many non material facts from the exact same period.
5              Mr. Rack completely failed to uphold HAR
6  12 - 5 - 67 by testing Miss Abrazado's credibility and her
7  suspiciously high level of forgetfulness even though on
8  pages 15, 23 to 24 I state Aileen was committing perjury.
9  Instead Mr. Rack actually put words in the witness' mouth
10 on page 1591, by asking questions that suggests to Miss
11 Abrazado which she immediately adopted that all her
12 countless I don't remember answers really meant it never
13 happened at all.
14             Despite my strong objections and reasons that
15 these two phrases were not equivalent Mr. Rack let Mrs.
16 Abrazado to completely change her extensive testimony with
17 a single sweep.  Page 1592.  However, just moments later,
18 during the very next page 1593 I caught Miss Abrazado who
19 admitted the I don't remember answer did not mean it
20 never happened.  Yet even with this revelation Mr. Rack
21 completely failed to inquire of Miss Abrazado, Miss
22 Abrazado's self contradictory testimony that on page 1525
23 Mr. Rack himself had said with the or could be rather a
24 felon if she was caught herself under oath and in spite my
25 charges of perjury.  Thus Mr. Rack wilfully failed to

PERMISSION TO COPY DENIED, HRS 606.13, etc.                                8

1    uphold HAR 12-5-67 and HRS equivalent.  This entire
2    sequence of misdeeds is I believe a flagrant violation of
3    law by the ESARO hearing officer.  I don't know all the
4    law but I can cite at least here HAR 12-5-93 (e) - 23 (n)
5    2 which requires absolute impartiality by the hearing
6    officer.  And the ADA which prohibits disparate treatment
7    of discrimination by the state hearing officer.  I believe
8    HRS 91-14(g)(1-6) were clearly violated.
9              At this point, Your Honor, I would like to
10   ask if you would allow me to mention just a few more
11   examples that occurred in violations of law between the
12   time of the hearing and this trial.
13             THE COURT:  That's not appropriate since the
14   court hasn't had the record supplemented.  It has to be on
15   the basis of the record that is before the Circuit Court.
16             MR. BARCH:  These items I am hopefully about
17   to mention are part of the record in the sense that
18   they're documents in exhibit of my first two motions.
19             THE COURT:  Were they motions to supplement?
20             MR. BARCH:  No, not motions to supplement.
21   The motions were essential for extension of time contained
22   exhibits that support what I am about to hopefully say.
23             THE COURT:  It's not part of the record that
24   is on appeal.  The court is unable to consider them.  If
25   they're not part of the record with the mechanism you

PERMISSION TO COPY DENIED, HRS 606.13, etc.                          9

1    might have used to bring the motion before the hearing
2    date to supplement the record that is different from a
3    motion to extend the time for filing the brief.
4            MR. BARCH: Okay. I respect that. A brief
5    follow up question then is may I mention one or two things
6    that pertain to ESARO supervisor Joyce Pang's sworn
7    declaration to you about ten days ago?
8            THE COURT: Go ahead.
9            MR. BARCH: I will make this real brief, Your
10   Honor. To begin with, as a lead in this it does pertain
11   to the record on appeal. On page 4111 Mr. Rack signed his
12   sworn certification on February 8, 2002 and said the
13   record on appeal was true and correct, quote, unquote.
14   This was a false statement to the court. For ESARO had
15   also had resisted the court order of certification and
16   transmission of record of August 24, 2001 and ignored once
17   again my request for copies of the tapes and item 22 of
18   the designation of record on appeal also dated August 24,
19   2001.
20           Miss Pang has recently compounded this error
21   of law, in an unlawful procedure by knowingly omitting
22   material facts in her sworn declaration though this court
23   on September 12, 2003 just ten days ago. Miss Pang also
24   misrepresented ESARO's failure over two years to send
25   tapes to the court as ordered as a single instance of

1   overlooking, quote, unquote, the original request. This
2   also is a false statement. Miss Pang omitted material
3   facts as ESARO has also been reminded of these missing
4   tapes on additional occasions over the last two years.
5          My letters to Mr. Rack on page 2918, first
6   three motions and my reply brief. Miss Pang also omits
7   material fact that she and Mr. Rack have resisted me. I
8   requested their own Attorney General, own director and own
9   civil right experts and now this court for at least timely
10  requests over two and a half years. Thus, this was not a
11  single act of oversight but rather a long history of
12  repeated patterns of Mr. Rack and Miss Pang resisting, and
13  show audible evidence of Mr. Rack's lack of, quote,
14  absolute impartiality, that is required by law. This
15  disparate treatment of me includes loud verbal abuse and
16  repeated threats to go abort my appeal prematurely. I
17  believe these acts are clearly violations of federal,
18  state, court rules and I believe are grounds for sanctions
19  and/or contempt of court.
20          THE COURT:  Have you concluded?
21          MR. BARCH:  Yes, thank you, Your Honor.
22          THE COURT:  I will hear from opposing
23  counsel.
24          MS. TERUYA:  Staci Teruya.
25          THE COURT:  Would you please speak up so Mr.

PERMISSION TO COPY DENIED, HRS 606.13, etc.                               11

1    Barch can hear you.

2                    Or actually walk over to the phone so you can

3    be heard.  Thank you very much.

4                    MS. TERUYA:  Mr. Barch, can you hear me?

5                    MR. BARCH:  Barely.

6                    MS. TERUYA:  Can you hear me better now?

7                    MR. BARCH:  Much better, thank you.

8                    MS. TERUYA:  This is Staci Teruya for the

9    director of labor.

10                   MR. BARCH:  Hi.

11                   MS. TERUYA:  I just want to point out that we

12   have filed answering briefs and with the exception of this

13   one point is that Mr. Barch argued about his motion for

14   sanction that was listed as a non hearing motion that was

15   for the attorney for the appeal's office is not present

16   and I don't think the court should entertain any argument

17   based on that motion.  As far as the present--

18                   MR. BARCH:  Sorry, before you go on--

19                   THE COURT:  Mr. Barch.

20                   MR. BARCH:  What motion?

21                   THE COURT:  Mr. Barch, I will ask counsel to

22   speak slowly and clearly.

23                   MS. TERUYA:  I am sorry.  Not entertaining

24   argument on the motion for sanctions and contempt at this

25   time.

                        Court Reporters
                      First Circuit Court
                        State of Hawaii

PERMISSION TO COPY DENIED, HRS 606.13, etc.                          12

1          MR. BARCH:  Okay.
2          MS. TERUYA:  As far as the oral argument, we
3    would rest on our brief unless the court has any
4    questions.
5          THE COURT:  I have none.
6          MS. TERUYA:  Thank you.
7          MS. WANG:  Thank you, Your Honor.  This is
8    Sarah Wang for Hawaii Behavioral Health.  We also have
9    submitted answering briefs and unless the court has any
10   questions we also will rest on that brief.
11         THE COURT:  I have none.
12         Therefore, Mr. Barch, there is no need to
13   reply because they haven't argued the merits or the
14   contents of their brief.
15         MR. BARCH:  Okay, Your Honor.  Am I allowed
16   to briefly respond to their answering briefs?
17         THE COURT:  No, sir.
18         I already told you in the beginning you have
19   to say what you want to emphasize and you have rebuttal in
20   response to anything they argue but they argued nothing.
21   The court therefore will rule.
22         The court using the standard that I must to
23   set forth Hawaii Revised Statutes Section 91-14(g), notes
24   that the answering brief of, that the state points out
25   that your opening brief was waived after many extensions.

                    Court Reporters
                  First Circuit Court
                    State of Hawaii

<u>PERMISSION TO COPY DENIED, HRS 606.13, etc.</u>                           13

1  On the other hand, the answering brief of appellee Hawaii
2  Behavioral Health apparently assumed that the last motion
3  to extend could be considered by the court as an opening
4  brief and so they responded.  Therefore, the court will
5  rule on both bases.
6           The opening brief was not timely but it's
7  more important that we reach the merits and in doing so
8  the court understands this is an appeal from an 18 page
9  decision and the court has no ability to overturn findings
10 of facts unless they are clearly erroneous.  The standard
11 includes that the court cannot overturn a finding of fact
12 if there is substantial, reliable and probative evidence
13 in the record to sustain it.  The court cannot supplant
14 the decision of the trier of facts regarding matters of
15 credibility with her own because this is an agency appeal.
16 And those are the standards for appeal.
17          The court finds that there are therefore no
18 clearly erroneous findings of facts and as to the
19 conclusions of law the court is persuaded that
20 understanding the law which is that I have to give
21 deference to the agency that has authority to interpret
22 the specific unemployment insurance law, and, otherwise,
23 finding no error of law in connection with all the facts
24 that have been found, finds that the bases for the appeal
25 taken on the merits have not met the standard which is

<u>PERMISSION TO COPY DENIED, HRS 606.13, etc.</u>                              14

1   necessary for the order and the decision to be reversed.
2           And, therefore, under 91-14(g) the court
3   affirms the decision appealed from and turns to Miss Wang
4   to prepare the order and judgment.
5           We'll be in recess and off the record.
6           (Proceeding concluded)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                        Court Reporters
                     First Circuit Court
                       State of Hawaii

```
 1
 2    STATE OF HAWAII                    )
 3    CITY AND COUNTY OF HONOLULU        )
 4    _____)
 5
 6
 7           I, HAROLD S. NAKATA, CSR 169,
 8    an Official Court Reporter for the First Circuit Court,
 9    State of Hawaii, hereby certify that the foregoing comprises
10    a full, true and correct transcription of my stenographic
11    notes taken in the above-entitled cause.
12
13
14           Dated this  1  day of  April , 2006.
15
16                            OFFICIAL COURT REPORTER
17
18                            [signature]
19                            _____
20                            HAROLD S. NAKATA, CSR 169
21
22
23
24
25
```

Court Reporters
First Circuit Court
State of Hawaii