B

**CRC Complaint # 02-HI-002**

Sent By Fax and U.S. Certified Mail

December 9, 2005

James A. Barch
16101 Escobar Ave.
Los Gatos, CA 95032

Phone and Fax:
(408) 978-5727

Mr. Willie M. Alexander, Chief of External Enforcement
U.S. Department of Labor, Civil Rights Center
200 Constitution Avenue, N.W., Room N-4123
Washington, D.C. 20210

Dear Mr. Alexander:

I respectfully request that my case be re-opened and that CRC Director Lockhart's Final Agency Action, dated August 16, 2005, be reconsidered in my favor. My request is made in the good faith belief that reconsideration is warranted for numerous reasons, including:

First, the Final Agency Action was based on several errors and omissions of material facts that can be readily proven and supported with documentary evidence.

Second, it is my good faith belief that CRC conduct preceding the Final Agency Action did not conform to the CRC's own standards, policies, and procedures, and as a direct result, the conclusions of the investigation are suspect and warrant reconsideration.

Third, the investigation that preceded the Final Agency Action failed to consider many key issues, facts, and evidence (despite my repeated requests for CRC to do so) and thus constitutes a less than full and fair investigation of my complaint.

1

Fourth, the defendants in this case--the State of Hawaii Department of Labor and Industrial Relations (DLIR)--demonstrably misstated, misrepresented, and omitted many material facts to CRC investigators (and to my U.S. Congressional representatives, two state judges, and two state agencies). Such acts constitute obstruction of justice and are felonies under U.S. Code section 1001. Such acts also violated various federal, state, and administrative laws and rules, and in particular violated my individual civil rights.

Fifth, the investigation that preceded the Final Agency Action apparently failed to investigate these particular allegations and instead appears to have accepted defendants' long pattern of false claims as true. This seems clear from the wording of the Final Agency Action itself, which describes events and circumstances in ways that are substantively untrue and one-sided. This is not a matter of different interpretations of events, but of CRC failure to confirm the truthfulness and completeness of allegations and conclusions. Such errors alone warrant a reinvestigation and/or reconsideration of my complaint.

Finally, except for ten interrogatories, dated August 15, 2002, the investigation preceding the Final Agency Action at no time involved any questioning or interviewing of myself to clarify any questions that may have arisen during the process of investigation. I remain available to answer such questions, should a reinvestigation or reconsideration occur.

In conclusion, it is my good faith belief that the Final Agency Action issued by the CRC should be reconsidered due to the lack of sufficient investigation to warrant a credible determination of my complaint. The objections above are not a matter of interpretation, but are irrefutable and supported by objective, independent, documentary evidence.

For these and other reasons, I respectfully request that my case be re-opened and that the CRC's Final Agency Action be reconsidered. I will provide additional details and evidence soon to support the above objections as well as the allegations made in my initial claim.

Sincerely,

James A. Barch