**ORIGINAL**

JAMES A. BARCH
Plaintiff Pro Se
16101 Escobar Avenue
Los Gatos, CA 95032
(408) 978-5727

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 3 1 2007

at 4 o'clock and 15 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES A. BARCH, ) | CIVIL NO. 04-00712 SOM-BMK |
| Plaintiff, ) | (Other Civil Action) |
| vs. ) | |
| ) | PLAINTIFF PRO SE'S MOTION |
| STATE OF HAWAII DEPARTMENT OF LABOR ) | FOR LEAVE TO FILE A SECOND |
| & INDUSTRIAL RELATIONS; ) | AMENDED COMPLAINT; |
| Defendants. ) | CERTIFICATE OF SERVICE |

PLAINTIFF PRO SE'S MOTION FOR LEAVE

TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Pro Se, James A. Barch (hereafter, "Plaintiff") respectfully requests this

Honorable Court to grant Plaintiff Leave to File a Second Amended Complaint, in accord with

the legal rights and guidelines stated by The Honorable Judge Susan Oki Mollway in her

Amended Order Granting Defendant's Motion to Dismiss, dated October 26, 2006.

In particular, Plaintiff respectfully requests this Honorable Court to grant Plaintiff Leave to make amendments such as the following (but not necessarily limited to the following):

1) To add to the list of Defendants, the name of the state official, Mr. Thomas Rack, who was the Hearing Officer in Plaintiff's appeal before the Employment Security Appeals Referees Office (hereafter "ESARO"), an office within the State of Hawaii's Department of Labor and Industrial Relations (hereafter "DLIR").

2) To describe how Mr. Rack demonstrated a clear and long pattern of violating Federal, State, and Agency laws and rules, and thereby, of violating Plaintiff's legal and civil rights, and causing Plaintiff permanent disabilities and diseases. (Many of Mr. Rack's wrongful acts have already been listed in Plaintiff's Amended Complaint. While most of these alleged torts have been ruled as being outside the Statute of Limitations, Plaintiff asks that these alleged torts be <u>admissible as evidence</u> of Mr. Rack's history and pattern of disregarding the law, and of Mr. Rack's prejudicial and hostile <u>motivation</u> and misconduct against Plaintiff.)

3) To demonstrate in detail that Mr. Rack's tortious acts were motivated (at least in part) by Plaintiff's disabilities, and by Mr. Rack's ignorance of, and prejudice and hostility against, Plaintiff's disabilities.

4) To describe how Mr. Rack was almost certainly informed by his ESARO Supervisor, Ms. Joyce Pang (with whom he had a history of communicating and collaborating closely),

2

and possibly also informed by: 1) then-DLIR Director Leonard Agor; 2) DLIR's Deputy Attorney General, Ms. Frances Lum; and 3) DLIR's Equal Opportunity Officer, Mr. Tom Jackson, that <u>both</u> Ms. Lum and Mr. Jackson had concluded (based on their independent studies of the facts) that <u>both</u> Mr. Rack and Ms. Pang had violated Plaintiff's legal and civil rights. (All five of the DLIR officials mentioned here can, and should, be required to testify and answer interrogatories on Mr. Rack's being informed of this essential fact.)

5) To describe how Mr. Rack, Ms. Pang, and then-DLIR Director Agor, <u>all</u> knowingly and willfully <u>failed to inform federal investigators</u> at the U.S. Department of Labor's Civil Rights Center (hereafter "CRC"), in October 2002, that two of DLIR's own top legal experts, Ms. Lum and Mr. Jackson, had concluded, independently, in March 2002, that both Mr. Rack and Ms. Pang had violated Plaintiff's legal and civil rights – when CRC was investigating this very allegation by the Plaintiff.

6) In addition, DLIR misled CRC investigators by falsely informing CRC that DLIR had turned over to CRC <u>all</u> documentary evidence – when, to the contrary – DLIR knowingly and willfully <u>withheld from CRC</u> (at the very least) two long legal memoranda written by Ms. Lum and Ms. Pang to then-DLIR Director Agor about Plaintiff in March 2002 (a mere seven months earlier). Clearly, this documentary evidence was not forgotten or lost.

7) To describe how Mr. Rack reactivated his legal liability when he wrote to CRC in March 2005 and inquired about the status of the CRC investigation of Plaintiff's complaint against Mr. Rack, et al. – and whereby, Mr. Rack a second time knowingly and

3

intentionally withheld from the CRC investigators the very material fact that two of DLIR's own top legal experts (Ms. Lum and Mr. Jackson) had found Mr. Rack and Ms. Pang guilty of violating Plaintiff's legal and civil rights, and that Ms. Lum and Mr. Jackson could testify to this fact, and that there existed (at the very least) two long intra-departmental documents to former-DLIR Director Agor (written by Ms. Lum and Ms. Pang) that the DLIR had knowingly and intentionally failed to give to the CRC as part of the complete documentary evidence for CRC's investigation.

8) To argue that DLIR legally is required to immediately give Plaintiff copies of Ms. Lum's and Ms. Pang's memoranda from around March 2002 (and any and all other intra-departmental facts and evidence pertinent to this case) as part of the discovery process. (And that DLIR is legally required to also send all such withheld evidence to the CRC in Washington, D.C. with a complete explanation of why it was withheld in October 2002.)

9) To demonstrate that Mr. Rack's alleged wrongful acts in March 2005 would fall within a Statute of Limitations of two years, thus making him and DLIR legally liable.

10) To describe how the above alleged wrongful acts by Mr. Rack violated not only federal criminal laws such as 18 U.S.C. s. 1001 – which make it a felony to knowingly withhold material facts and evidence from federal officials and investigators – but also violated Plaintiff's legal and civil rights under the American Disabilities Act (hereafter "ADA") and other federal and state laws and rules, to be specified in a Second Amended Complaint.

4

11)   To argue that Plaintiff suffered additional health and life losses as a direct and indirect result of Mr. Rack's failure to inform CRC in 2005 that material facts, evidence, witnesses, and testimony had been knowingly and intentionally withheld from CRC's federal investigators by Mr. Rack, Ms. Pang, and Mr. Agor in the latter's written communications and official actions to the CRC in October 2002.

12)   To argue that applying the State of Hawaii's Statute of Limitations of only two years to Plaintiff's current lawsuit is not appropriate and is not constitutional, and violates the equal protection clause of the constitution.

13)   To argue that failure to apply a "tolling" of the Statute of Limitations for the Plaintiff, who is (and was) Totally and Permanently Disabled by the Defendants also is not constitutional, and violates the equal protection clause of the constitution.

14)   To argue additional legal points, that Plaintiff respectfully requests the right to make in a Second Amended Complaint.

15)   To possibly assert new requests for relief and to cure deficiencies in the claims alleged in Plaintiff's first Amended Complaint.

DATED:     Los Gatos, California, January 29, 2007

*James A. Barch*

JAMES A. BARCH, Plaintiff Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES A. BARCH, ) | CIVIL NO. 04-00712 SOM-BMK |
| Plaintiff, ) | (Other Civil Action) |
| vs. ) | |
| STATE OF HAWAII DEPARTMENT OF LABOR ) | CERTIFICATE OF SERVICE |
| & INDUSTRIAL RELATIONS; ) | |
| Defendants. ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2007, a copy of the foregoing document was served on the following at their last known address via United States first class mail, postage prepaid, as follows:

>NELSON BEFITEL
>Director
>Department of Labor and
>Industrial Relations,
>State of Hawaii
>830 Punchbowl St., Rm. 321
>Honolulu, Hawaii 96813

>Defendant

>and

MARK J. BENNETT    2672
Attorney General of Hawaii

CARON M. INAGAKI    3835
JOHN M. CREGOR, JR.    3521
Deputy Attorneys General
Department of the Attorney
General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813

Defendant's Attorneys


DATED: Los Gatos, California, January 29, 2007.



*James A. Barch*

JAMES A. BARCH
Plaintiff Pro Se