MARK J. BENNETT     2672
Attorney General of Hawaii

CARON M. INAGAKI   3835
JOHN M. CREGOR, JR. 3521
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone:  (808) 586-1300
Email: John.M.Cregor@hawaii.gov

Attorneys for Defendant
STATE OF HAWAII
DEPARTMENT OF LABOR &
INDUSTRIAL RELATIONS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES A. BARCH,<br><br>           Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS; JOHN DOES 1-20; JANE DOES 1-20; DOE GOVERNMENTE AGENCIES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; JOHN DOES 1-20; JANE DOES 1-20,<br><br>           Defendants. | CIVIL NO. 04-00712 SOM-BMK<br>(Other Civil Action)<br><br>DEFENDANT STATE OF HAWAII DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, FILED JANUARY 31, 2007; CERTIFICATE OF SERVICE<br><br>Hearing:<br><br>Date:      March 9, 2007<br>Time:      2:00 p.m.<br>Judge: Hon. Barry M. Kurren |

DEFENDANT STATE OF HAWAII DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, FILED JANUARY 31, 2007

On October 26, 2006, Judge Mollway entered an order granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint. In the course of her opinion, Judge Mollway stated that there are two areas wherein the Plaintiff (Barch) might be able to cure the defects by the filing of a second amended complaint. Her Order granted Barch until January 31, 2007 to file a proper motion with the Magistrate Judge to file such a Second Amended Complaint. One of the two areas which, according to Judge Mollway, Barch might be able to cure the defects had to do with his Title II claims. Although most of Barch's Title II claims are barred by the Statute of Limitations, all failed from the lack of pleading that the actions of the State of Hawaii Department of Labor and Industrial Relations' "actions were in any way motivated by Barch's prior disabilities. Barch does not allege any facts that could be read liberally to claim that the Department's actions were motivated at all by his disabilities." (Order at page 22.)

The other area for possible amendment involved Barch's FOIA claim, which requires exhaustion of administrative remedies before commencement of the suit. Judge Mollway held:

"The court therefore dismisses the FOIA claim. However, if Barch somehow exhausted his administrative remedies before filing this lawsuit, he may move for leave to file a Second Amended Complaint to properly allege his FOIA claim. If he did not exhaust before filing his original Complaint, however, subsequent exhaustion will not cure this defect" (Order at p. 26.)

In the conclusion to her October 26, 2006 Order, Judge Mollway stated "[On or before January 31, 2007] Barch may seek leave with the Magistrate Judge to file his Second Amended Complaint to assert new parties, claims, or requests for relief, or to cure deficiencies in the claims asserted in the Amended Complaint."

With that background in mind, we turn to Barch's Motion for Leave to File A Second Amended Complaint, filed with this court on January 31, 2007. At the outset, we note that Barch's Motion fails to comply with LR10.3 in that he does not attach a copy of the proposed Second Amended Complaint. The Ninth Circuit has held that "Pro Se litigants must follow the same rules of procedure that govern other litigants." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) cert. Denied. 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed2d 938 (1985); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1986) For this reason alone, Barch's Motion to File a Second Amended Complaint should be denied.

Turning to Barch's 15 individually numbered paragraphs contained in his motion, none of them contain allegations of fact. Paragraph No. 1 seeks to add Thomas Rack as an individual defendant. Mr Rack has not heretofore been a party to this lawsuit so if the motion were granted, the two year Statute of Limitations would run backward from the date of the filing of the Second Amended Complaint. Presumably any acts occurring before some date in February or March of 2005 would be excluded.

Barch's Paragraph No. 2 discusses possible evidentiary issues but adds nothing to the substance of any Second Amended Complaint and should not be considered in deciding this motion.

Barch's Paragraph No. 3 is the only paragraph that potentially has merit based upon Judge Mollway's prior Order. Barch asks to amend to "demonstrate in detail that Mr. Rack's tortious acts were motivated (at least in part) by Plaintiff's disabilities..." The Motion is devoid of any specifics let alone details of that alleged motivation. Judge Mollway's order made it clear that the motivation must be Barch's *prior disabilites*. Barch is now trying to take his case beyond suing the State of Hawaii or one of its departments and now sues an individual employee in his individual capacity, thereby potentially exposing that individual to all of the costs and risks of being a defendant in a lawsuit. Certainly Thomas Rack should have the

right at this juncture to insist that before any leave of Court be granted that Barch demonstrate that he can set forth allegations of fact which could thread through the narrow eyelet left open by Judge Mollway.

Paragraph No. 4, like Paragraph No. 2 presents possible evidentiary issues but adds nothing of substance to Barch's Complaint.

Paragraph Nos. 5 and 6 make allegations that are most probably not actionable by Barch. More importantly those events are completely outside of the statute of limitations period.

Paragraph No. 7 suggests that Rack "reactivated his legal liability" by writing a letter of status inquiry to the CRC. Such a status request would not have the effect of bringing time barred events back within the statute of limitations. Moreover, there is no causal nexus between that letter of status inquiry and any injury or damages sustained by Barch.

Paragraph No. 8 is not something properly alleged in a Complaint. Judge Mollway has already denied Barch's FOIA complaint for failure to exhaust administrative remedies and nothing in this paragraph suggests that Barch did in fact exhaust those administrative remedies prior to the original filing of his lawsuit. Thus is at most a potential discovery issue if the lawsuit were otherwise sound.

Paragraph No. 9 appears to be a re-argument of Paragraph No. 7 and fails for the same reasons.

Paragraph No. 10 serves to highlight why LR 10.3 requires that a copy of the purposed pleading be filed with the Motion for Leave to File. Barch makes some vague allegations that he will make specific in a Second Amended Complaint. The time to bring those specifics to light was in this motion. This is particularly true in that Judge Mollway's Order specifically dismissed Barch's 18 U.S.C. § 1001 claim without leave to amend and specifically required that any allegations of Title II violations should contain factual allegations of how the discrimination was based on Barch's prior disabilities.

Paragraph No. 11 refers to a proposed argument not allegations of fact as would be required in a Complaint and further is yet one more attempted rehash of Paragraphs 7 and 9.

Paragraphs Nos. 12, 13 and 14 are improper and violate the "law of the case."

Paragraph No. 15 like Paragraph No. 10 demonstrates the rationale for LR10.3.

For all of the foregoing reasons this Court should find that Plaintiff has not met his burden of showing that he can go forward with a Second Amended Complaint that does not violate the dismissals already entered by Judge Mollway in this case and this motion for leave should be denied.

DATED: Honolulu, Hawaii, February 14, 2007.

MARK J. BENNETT
Attorney General

_____
JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendants
STATE OF HAWAII
DEPARTMENT OF LABOR &
INDUSTRIAL RELATIONS