JAMES A. BARCH

Plaintiff Pro Se

16101 Escobar Avenue

Los Gatos, CA 95032

(408) 978-5727

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 8 2007

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LODGED

APR 1 0 2007

CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES A. BARCH, | ) | CIVIL NO. 04-00712 SOM-BMK |
| Plaintiff, | ) | (Other Civil Action) |
| vs. | ) | |
| | ) | PLAINTIFF'S MOTION FOR COURT |
| STATE OF HAWAII DEPARTMENT OF LABOR | ) | TO REVIEW DLIR INTERNAL |
| & INDUSTRIAL RELATIONS; | ) | EVIDENCE "IN CAMERA"; |
| Defendants. | ) | COURT ORDER; PLAINTIFF'S |

MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT;
EXHIBIT "A": PROPOSED AMENDED
COMPLAINT; COURT ORDER;
CERTIFICATE OF SERVICE

5-18-07
2:30
Bmk

JAMES A. BARCH

Plaintiff Pro Se

16101 Escobar Avenue

Los Gatos, CA 95032

(408) 978-5727

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES A. BARCH, | ) | CIVIL NO. 04-00712 SOM-BMK |
| Plaintiff, | ) | (Other Civil Action) |
| vs. | ) | |
| | ) | MOTION FOR COURT TO REVIEW |
| STATE OF HAWAII DEPARTMENT OF LABOR | ) | DLIR INTERNAL EVIDENCE |
| & INDUSTRIAL RELATIONS; | ) | "IN CAMERA" |
| Defendants. | ) | |

## MOTION FOR COURT TO REVIEW DLIR INTERNAL EVIDENCE "IN CAMERA"

Plaintiff Pro Se, James A. Barch ("Plaintiff") respectfully requests this Honorable Court

to Review DLIR Internal Evidence "In Camera" for the following reasons:

1) The history of the events that form the basis of this case, as well as documentary evidence

and various communications from DLIR officials, strongly indicates that several high-

ranking officials in DLIR conspired to violate Plaintiff's legal and civil rights, not only in the

Plaintiff's ESARO appeal hearings, but also in the State Court appeal hearing, and to

Plaintiff's federal representatives, and to federal investigators and the Director of the Civil

Rights Center ("CRC") at the U.S. Department of Labor ("USDL").

2) The alleged conspiracy involved, at the very least, then-DLIR Director Leonard Agor,

DLIR's Assistant Attorney General Frances Lum, ESARO Supervisor Joyce Pang, and

ESARO Hearing Officer, Thomas Rack.

3) In Spring 2002, Ms. Lum actively prevented the standard DLIR procedures that would have

created documentary evidence by DLIR's expert on civil rights, Mr. Tom Jackson, that Ms.

Pang and Mr. Rack had, in fact, violated Plaintiff's civil rights, at least 13 times, and for at

least one year.

4) In October 2002, all at the same time, in response to the same CRC investigation, Mr. Agor,

Ms. Pang, and Mr. Rack each knowingly made false statements to CRC and withheld the

very material fact that DLIR had in fact violated Plaintiff's civil rights, and also withheld

from CRC internal DLIR documents, evidence, and testimony that would have proved

Plaintiff's CRC civil rights complaint against DLIR.

5) Thus, Ms. Lum, Mr. Agor, Ms. Pang, and Mr. Rack each knowingly obstructed justice (in

violation of Title 18, Section 1505 of the U.S. Code).  And the latter three committed fraud

and made false statements to federal investigators at CRC (in violation of Title 18, Section

1001 of the U.S. Code).

6) The severity of several high-ranking DLIR conspiring to commit such serious crimes in order

to cover-up DLIR's violation of Plaintiff's civil rights makes it imperative that this

Honorable Court take special actions to obtain and evaluate the evidence that Plaintiff alleges

is vital and necessary for Plaintiff to file a legally adequate Proposed Second (or Third) Amended Complaint – and is vital and necessary for Plaintiff to prevail in this case.

7) It is also imperative for this Court to obtain and evaluate DLIR's internal documents, evidence, and testimony because of the severity of the damages that the DLIR's intentional misconduct has caused the Plaintiff. Plaintiff's previous filing of 156 Symptoms, Disabilities, and Diseases (dated June 15, 2006) prove that Plaintiff's health has been catastrophically damaged and, consequently, 95% of Plaintiff's pre-disabled life has been destroyed, as a direct result of DLIR's crimes and misconduct. Due to DLIR's violations of Plaintiff's legal and civil rights, and due to DLIR's lying and withholding of evidence, DLIR has so far "gotten away with murder" (or catastrophic destruction) of Plaintiff's health and life. This Court must not allow this grave injustice to continue.

8) As a direct result of DLIR's lies and withholding of vital evidence, CRC's investigation of Plaintiff's complaint against DLIR was obstructed, and CRC denied Plaintiff's complaint. Thus, DLIR's crimes and cover-up deprived Plaintiff of acjioeving truth and justice after 3 ½ years' effort and waiting, deprived Plaintiff of any financial compensation for the catastrophic damages DLIR caused plaintiff, and caused Plaintiff increased and continuing stress and exertions that have directly caused even more damages to Plaintiff's health and life.

9) It is also imperative for this Court to obtain and evaluate DLIR's internal documents, etc. because DLIR has wrongfully withheld this evidence not only from CRC but from Plaintiff's Freedom of Information Act ("FOIA") Request in July 2006. It is Plaintiff's understanding that DLIR receives most or all of its funds from USDL, and as a result, DLIR is legally required to behave in accord with USDL rules and laws. However, when USDL denied all of

Plaintiff's FOIA Request, USDL followed federal rules and laws and was forced to inform

Plaintiff of Plaintiff's legal right to appeal the FOIA denial, how to appeal, and to whom an

FOIA appeal could be filed. DLIR violated these USDL rules and laws by refusing

Plaintiff's repeated requests to be told the same information that USDL had informed

Plaintiff of.

10) As a non-attorney, Plaintiff has been unable to obtain from DLIR or the State of Hawaii's

website any information about how, and to whom, Plaintiff can appeal DLIR's withholding

of several vital documents and evidence in Plaintiff's FOIA Request.

11) Since DLIR has a notorious and long history of committing serious crimes, lying,

withholding vital evidence, and obstructing justice – and since Plaintiff is being actively

thwarted in obtaining this vital evidence from DLIR – Plaintiff respectfully requests this

Honorable Court to subpoena, obtain, and evaluate all of DLIR's internal documents, email,

and other evidence regarding Plaintiff and Plaintiff's various cases against DLIR. Plaintiff

asks this Honorable Court to review DLIR's documents and evidence "in camera" and to

decide which DLIR documents must legally be turned over to Plaintiff for justice to prevail.

12) So far, Plaintiff's overwhelming case has been defeated by DLIR's crimes and cover-ups,

and by technicalities and procedural obstacles that the totally disabled Plaintiff has been

unable to overcome. But it is Plaintiff's understanding that this Honorable Court has an

interest, and has the authority, to get to the facts of the case, and to prevent grave injustices

from occurring. The State of Hawaii must not be allowed to destroy the Plaintiff's health and

life, and then to "get away with murder" by withholding internal evidence that would prove

that several high-ranking DLIR officials conspired to commit crimes and cover-up DLIR

misconduct that catastrophically damaged Plaintiff.

13) If DLIR is allowed to withhold internal evidence that is vital to Plaintiff proving his case, Plaintiff's Proposed Second Amended Complaint and Plaintiff's Motion for Leave to File said Motion will almost certainly fail – due to lack of the very evidence that DLIR is withholding.

14) For all of the above reason, Plaintiff respectfully requests that this Honorable Court obtain and evaluate DLIR's internal evidence regarding Plaintiff, review DLIR's internal evidence "in camera", and decide which DLIR documents must be turned over to Plaintiff for use in a Second (or Third) Amended Complaint.

DATED:        Los Gatos, California, April 7, 2007

_James A. Barch_

JAMES A. BARCH,

Plaintiff Pro Se